UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-cv-00052-FL

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | DEFAULT JUDGMENT |
| v. | ) ) ) | |
| HATTIE J. SUGGS, | ) ) | |
| Defendant. | ) | |

UPON CONSIDERATION OF Plaintiff's Motion for Default Judgment, and the entire record,

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is GRANTED;

IT IS FURTHER ORDERED that Judgment by Default is hereby entered against Defendant for failure of answer and in favor of Plaintiff, the United States of America, against Defendant in the principal amount of $83,107.54 with interest of $4,696.57 accrued as of November 28, 2016, plus interest accruing thereafter at a rate of 3.625%, together with present and future costs and disbursements incurred by Plaintiff in this action;

IT IS FURTHER ORDERED that interest after date of entry of this judgment shall be at the applicable judgment rate.

IT IS FURTHER ORDERED that Plaintiff's Deed of Trust be foreclosed and that all right, title, and interest of Defendant or any persons holding by, through, or under them, including any equity or redemption or rights of power, and rights of any junior lienholders, be forever barred in and to the aforesaid real and personal property;

1

IT IS FURTHER ORDERED that the United States Marshal enter upon the land of Defendant as described in the Deed of Trust dated December 18, 1999, which was recorded in Book 1258, Page 650 of the Edgecombe County, North Carolina, Register of Deeds as security for the note covering the real property located at 1011 East Northern Boulevard (also known as 2408 Pecan Drive), Tarboro, North Carolina, to seize the collateral for the aforesaid loans, to seize the collateral for the aforesaid loans;

IT IS FURTHER ORDERED that all persons occupying the property shall leave and vacate the property permanently within 30 days of the date of this order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal and his deputies are authorized and directed to take all actions that are reasonably necessary to eject those persons. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal and his deputies are authorized to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale;

IT IS FURTHER ORDERED that upon foreclosure and possession, the said premises be sold by the United States Marshal in any commercially reasonable manner, including using a broker to assist in the sale of the property;

IT IS FURTHER ORDERED that out of the proceeds of said sale, after payments of costs associated with the sale, Plaintiff be paid the amount thereof on its claim above described.

This 24th day of August, 2017.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE